UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11437-RWZ

MICHAEL VOUNATSOS

v.

TOWN OF DOVER

ORDER
October 21, 2011

ZOBEL, D.J.

In his complaint plaintiff Michael Vounatsos states that he had been employed as a master mechanic for the Town of Dover Highway Department but that on April 7, 2009, "due to alleged incidents involving disruptive conduct by him," defendant, the Town of Dover, terminated his employment. He also claims that the termination was based on plaintiff's age (47) and/or national origin (Greek) in violation of Mass. Gen. Laws. c. 151 B, the Age Discrimination in Employment Act, 29 U.S.C. §621, and Title VII, 42 U.S.C. §2000e-2 et sec. Following some discovery defendant has moved for summary judgment (Docket # 12).

Summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, the court finds that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Dasey v. Anderson, 304 F.3d 148, 153 (1st Cir. 2002). When opposing parties tell two different stories, one of which is blatantly contradicted by the record so that no

reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. Scott v. Harris, 550 U.S. 372, 380 (2007).

First, the record amply supports the stated reason for plaintiff's dismissal, his disruptive conduct. Exhibit G to defendant's Statement of Undisputed Facts ("D Statement") reflects a series of contemporaneous complaints about plaintiff's conduct by coworkers going back to 2000 (Docket # 14 Ex. G), together with the Town's investigation of and findings concerning each incident, all leading to ever increasing discipline. Finally, after reports of threats by plaintiff against Andy Wills, a coworker, together with evidence of plaintiff carrying out the threat by filing a complaint with the Department of Social Services and the Holliston Board of Health against Wills, and his expressed intention to go out on disability to make it more difficult for the Town to terminate him, the Town Administrator held a hearing "concerning the possible imposition of discipline upon" plaintiff (Ex. G to D Statement). He heard testimony from a number of Highway Department employees, including plaintiff, received information presented by them and reviewed plaintiff's personnel file. He credited the testimony of the employees and found that plaintiff had made the incriminating statements. He further explicitly found that plaintiff was not truthful during the hearing about the matters considered. Finally, he recommended to the Board of Selectmen that in light of the findings, plaintiff's discipline history and the Town's Standards of Conduct, plaintiff be terminated. The Selectmen agreed.

Plaintiff has adduced no evidence to support his charge of discrimination. He

cites his "belief" that "his age and Greek heritage played a role in his termination" (Complaint and Statement of Undisputed Facts ¶ 38).  However, apart from a lengthy recitation of plaintiff's disputes and disagreements with several Town employees and accusations of their misdeeds against him and the Town, nothing in his Statement or in the record offers even a hint of either age or national origin discrimination.  The First Circuit has made abundantly clear that the court need not "take at face value [plaintiff's] subjective beliefs when they are not factually based and merely constitute conclusory, self-serving statements." Torrech-Hernandez v. General Elec. Co., 519 F.3d 41, 48 (1st Cir. 2008).

    Because there are no disputed facts as to the reason for plaintiff's termination, defendant's motion for summary judgment (Docket #12) is allowed.  Judgment may be entered for defendant.


   October 21, 2011                    /s/Rya W. Zobel
       DATE                              RYA W. ZOBEL
                                         UNITED STATES DISTRICT JUDGE